N. C. COLLIER, in error, v. JAMES G. YEARWOOD.

1. REPLEVIN. *Parties.* In replevin the plaintiff recovers personal chattels in specie. Where property is owned by two jointly, not susceptible of separation, so that the plaintiff could aver that some particular part belonged to him, the action would have to be brought in the joint name of the two owners.

2. Where the property belongs to a third party, the plaintiff cannot recover; and if the property has been taken from the defendant, there must be judgment for its return.

FROM RUTHERFORD.

Appeal from the Circuit Court. WM. H. WILLIAMSON, J.

B. F. LILLARD for plaintiff.

KEEBLE, PALMER and RICHARDSON for defendant.

MCFARLAND, J., delivered the opinion of the court.

Collier had judgment and execution against James M. Yearwood, and caused certain cotton to be levied on to satisfy the execution. John G. Yearwood brought an action of replevin to recover the cotton. In his affidavit, in the summons and in the declaration it is decribed as two-thirds of about five hundred pounds of lint cotton and two-thirds of about forty-five hundred pounds of picked cotton in the seed.

We understand from the return of the coroner, as well as the entire record, that the whole lot of cotton (in which the plaintiff claimed two-thirds) was

taken out of the possession of the deputy sheriff, who had levied upon it under Collier's execution and delivered it over to a receiver appointed by the judge at the beginning of the action.

There was a general verdict for the plaintiff upon the plea of not guilty, upon which the court ordered the receiver to turn the cotton over to the plaintiff. The defendant moved for a new trial, and appealed from the judgment. The court then ordered the cotton to be turned over to the plaintiff upon his giving bond, or, upon his failure to give bond, the cotton was ordered to be sold and the money paid to the plaintiff upon his giving bond. To this order the defendant excepted, but the court overruled the exception, and directed the two-thirds interest in the cotton to be sold. The plaintiff and his witnesses upon the trial swore that he was the owner of two-thirds of the cotton, Wade, the owner of the land on which it was raised, being the owner of the other third.

As we understand the plaintiff's case, he claims that Wade and himself were the joint owners of the cotton, he owning two-thirds and Wade one-third, the cotton being in bulk and undivided. The whole was seized by the sheriff under Collier's execution, when the plaintiff brought this action claiming an undivided two-thirds; but under the process the whole was taken out of the possession of the defendant and placed in the hands of a receiver. He obtained a judgment directing two-thirds to be turned over to him, leaving one-third in the hands of the receiver.

The judgment is palpably erroneous.

Collier *v.* Yearwood.

In replevin, the plaintiff recovers personal chattels in specie. Where property like this is owned by two jointly, not susceptible of separation, so that the plaintiff could aver that some particular part belonged to him, the action would have to be brought in the joint name of the two owners. As the one does not claim to own any particular property, but only an undivided share of property in both, it is manifest that he could not recover the title or possession of any particular part.

But aside from this, if the action could be maintained, the judgment is still erroneous, upon the plaintiff's own version of the facts. The entire lot of cotton was taken from the defendant under the process in the present case. The plaintiff only claims two-thirds—says the other third belongs to Wade. As to that one-third, it is manifest that in any view there should have been a judgment for its return to the defendant. Wade is no party to the cause. It is well settled, and so the Judge charged, that where the property belongs to a third party, the plaintiff cannot recover; and of course as to this there must be a judgment for the defendant, and if the property has been taken from him there must be a judgment for its return.